UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-cv-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO THE FOLLOWING CASES:

> *Trimble v. Comair, Inc. et al.*               5:07-CV-269-KSF
> *Anderson, et al. v. Comair, Inc., et al.*     5:07-CV-270-KSF

**OPINION AND ORDER**

This matter is before the Court on the motion of Comair, Inc. ("Comair") to file Third-Party Complaints against the United States Federal Aviation Administration ("FAA"), FAA John Does 1 and 2, the Lexington-Fayette Urban County Airport Board, the Lexington-Fayette Urban County Airport Corporation, John Coon, and Airport John Does 1 and 2. Having been fully briefed, this matter is ripe for review. The various cases and arguments will be addressed in turn.

**A.      Standard**

A motion to file a third-party complaint is a matter addressed to the discretion of the trial court. *General Electric Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960); Fed. R. Civ. P. 14

**B.      *Trimble v. Comair, Inc. et al.***

On August 24, 2007, Plaintiff Trimble filed a Complaint in this Court against various Comair Defendants, Delta Air Lines, Inc. and James Polehinke, Civil Action No. 5:07-CV-269-KSF ("federal action"). Comair filed its Answer on September 20, but did not file a third-party complaint within ten days pursuant to Fed. R. Civ. P. 14(a). On November 9, 2007, Comair moved to file a third-party complaint. No party has claimed any prejudice from the delay.

At some point, Trimble filed a separate action in Fayette Circuit Court against the Comair Defendants ("state action").[1] On August 31, 2007, Comair filed a third-party complaint in that case

---

[1] Unfortunately, the Complaint is not in the federal court record.

against the United States, FAA Does 1 and 2, John Coon and Airport Does 1 and 2 [DE #1, Attachment 1]. On September 28, 2007, the United States removed the action to this Court, Civil Action No. 5:07-CV-325-KSF. On November 21, 2007, the two cases were consolidated.

With the consolidation of the two cases, Comair appears to have in place the third-party complaint it sought. Accordingly, the Court denies the motion to file another third-party complaint, without prejudice to renew the motion in the event the Supreme Court of Kentucky holds that any of the Airport Defendants are not entitled to immunity under Kentucky law.

      **B.**    *Anderson, et al. v. Comair, Inc., et al.*

Plaintiffs Anderson filed their complaint in this Court on August 24, 2007, against various Comair Defendants, Delta Air Lines, Inc. and James Polehinke. Polehinke filed a third-party complaint against the United States and various Airport Defendants on October 10. Comair filed its Answer October 18, but did not file a third-party complaint within ten days. Instead, it moved on November 9 to file the same third-party complaint as in the Trimble case. Plaintiffs Anderson make the same arguments regarding undue complication of the trial as were previously rejected by this Court, but they do not argue any prejudice from delay.

      **C.**    **Plaintiffs' Opposition to the Motion Based on the Montreal Convention**

Trimble and Anderson opposed the motion to file the third-party complaints on grounds previously rejected by this Court by Opinion and Order dated October 5, 2007 in other Plaintiffs' cases [DE #774]. Trimble and Anderson added an argument that Article 37 of the Montreal Convention only permits recourse "after a person is found liable for damages under the Montreal Convention." [DE #1093, p. 2; DE #1098, pp. 2-3]. They claim that Comair "will only have a right of 'recourse' against these entities if the Plaintiff is successful in her action against Comair, Inc. here." *Id.* In support, Trimble and Anderson rely on the following language of Article 37, which they characterizes as "plain": "Nothing in this Convention shall prejudice the question *whether a*

2

*person liable for damages in accordance with its provisions* has a right of recourse against any other person." *Id.*, emphasis supplied by Plaintiffs.

This Court disagrees with Plaintiffs' interpretation of Article 37 that there must be a judgment for damages before a party may seek recourse against another person. That argument would require this Court to add the modifier "found" or "held" before "liable" in the Convention text. The drafters, however, did not add such restrictive modifiers to the Convention language. *See, e.g. United States v. Sutton*, 642 F.2d 1001, 1006-1007 (6th Cir. 1980) ("the word 'enterprise' is used without any modifiers"). Instead, Article 37 defined liability for damages "in accordance with [the Convention's] provisions." Article 17 states in relevant part: "the carrier is liable for damage sustained in case of death or bodily injury of a passenger...." Thus, the Convention holds the carrier liable. It is the Opinion of this court that no further determination of liability is required for the carrier to be entitled to appropriate recourse.

The term "recourse" also does not include any requirement of a prior determination by a court. The *American Heritage Dictionary of the English Language* (4th ed.) defines "recourse" as "the act or an instance of turning or applying to a person or thing for aid or security." In *Ullmann v. United States*, 350 U.S. 422 (1956), the court noted "the innocent and guilty alike have a right of recourse to the Fifth Amendment." *Id.* at 427, n. 2. The context suggests an immediate right.

D.   **Action Against the Airport Board, Airport Corporation, et al.**

Comair urges this Court to allow the third-party complaint to be filed against the Airport Board, Airport Corporation, John Coon in his official capacity, and John Does 1 and 2 in their official capacity and to defer any consideration of their immunity until they file a dispositive 12(b)(6) motion to dismiss or motion for summary judgment [DE #1128, pp. 4, 6]. Comair acknowledges that on November 26, this Court held that the Airport Board, Airport Corporation, John Coon in his official capacity and the Airport Does ("Airport Defendants") in their official capacity were entitled to governmental immunity and were dismissed from all other cases.

3

The futility exception to allowing a motion to amend a complaint seems analogous to the present situation. In *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993), the plaintiffs sought to amend their complaint to add a claim under 42 U.S.C. § 1983 against the Michigan Department of Treasury. The court found it would be futile to add the claim because it could not survive a motion to dismiss. Accordingly the motion was denied. However, the standard in *Forman v. Davis*, 371 U.S. 178, 182 (1962), for considering a motion to amend under Fed. R. Civ. P. 15 does not appear to have been applied to motions to implead under Fed. R. Civ. P. 14.

Requiring the Airport Defendants to file one more motion to dismiss seems to be a waste of everyone's time.[2] However, the Court is persuaded by Comair's argument, and the absence of argument to the contrary, that this one case should not proceed on a different footing from all others. Accordingly, Comair's motion will be granted in the Anderson case.

**IT IS ORDERED** that Comair's Motion to File Third-Party Complaints [DE #1044] is **DENIED** in the case of *Trimble v. Comair, Inc., et al.*, No. 5:07-CV-269-KSF. The motion is **GRANTED** in the case of *Anderson et al. v. Comair, Inc., et al.*, No. 5:07-CV-270-KSF, and the Clerk is **DIRECTED** to file the Third-Party Complaint tendered with the motion in the Anderson case.

This November 30, 2007.



Signed By:

*Karl S. Forester* KSF
**United States Senior Judge**

---

[2] In the interest of judicial economy and in furtherance of the policies underlying immunity from suit (*See Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 135-36 (Ky. 2004)), the Court suggests a short motion incorporating by reference any previously filed motion.