UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

Anderson            Case No. 5:07-CV-270-KSF

OPINION AND ORDER

This matter is before the Court on the motion of Defendants Comair, Inc., Comair Services, Inc., Comair Holdings, Inc. and Delta Air Lines, Inc. (collectively "Comair") to dismiss the wrongful death claims of Melanie Anderson, Delaney Fudge, Arvalla Groulx and Derek Reiners in the above action.  The matter having been fully briefed, it is ripe for review.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lyle Anderson was a citizen of Canada at the time of his death in the Comair 5191 crash [Complaint ¶ 7].  Paragraph 23 of Count VII of the Complaint states:  "On information and belief, the contract of carriage for which the Plaintiff's Decedent, LYLE O. ANDERSON was flying listed his origin and ultimate destination as Ottawa, Canada, with intermediate stopping points in Lexington, Kentucky and Atlanta, Georgia."  [Complaint, p. 36].  Lyle Anderson's son, Alexander O. Anderson, was appointed the Executor of his estate [Complaint, Exhibits A, B].  Also named as plaintiffs in the Complaint are Melanie D. Anderson, his daughter [¶ 9], and Delaney Fudge, Arvalla Groulx and Derek Reiners, his sisters and brother [¶¶ 10-12].

Comair moved to dismiss the wrongful death claims of Melanie Anderson, Delaney Fudge, Arvalla Groulx and Derek Reiners under K.R.S. § 411.130 on the ground that Kentucky law would be the substantive law applicable under the Montreal Convention.  Under Kentucky law,  wrongful

death claims "shall be prosecuted by the personal representative of the deceased" and the amount recovered does not pass to siblings when there are surviving children.  K.R.S. § 411.130.

Plaintiffs opposed the motion as premature in that Comair has not proven the Montreal Convention is applicable to the case.  They further argue that, even if the Montreal Convention applies, the Court should apply Canadian law to the wrongful death claims under the choice-of-law practice of depecage.  Under Canadian law, children and siblings are able to recover "for the loss of guidance, care, companionship that the claimant might reasonably have expected to receive from the injured person."  [DE 2128].

Comair replied that the facts of Plaintiffs' complaint show that the Montreal Convention would be applicable.  Moreover, it argues that Kentucky law applies in any event.  Finally, it notes that depecage has never been adopted as part of Kentucky's choice of law rules.  [DE 2172].

## II.     ANALYSIS

### A.     Standard

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

### B.     Montreal Convention

Plaintiffs do not deny the applicability of the Montreal Convention; they simply state they and others have not been willing to concede its applicability.  [DE 2128, p. 3].  They claim any motion based on the Convention is premature until there is record evidence of its applicability.  This Court previously discussed the scope of the Montreal Convention as including carriage where the place of departure and place of destination are situated "within the territory of a single State Party if there

is an agreed stopping place within the territory of another State."  Montreal Convention, Article I; *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 501 F. Supp.2d 902, 908 (E.D. Ky. 2007). Plaintiffs' Complaint reflects such international travel.   If there is some factual reason the Convention would not be applicable, Plaintiffs have not disclosed it.  For purposes of this motion, the Court will presume the applicability of the Montreal Convention.  The Court also notes that the same choice-of-law analysis would apply outside of the context of the Montreal Convention.

Article 29 of the Montreal Convention creates a private right of action for damages "without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights."  In *Zicherman v. Korean Air Lines. Co.*, 516 U.S. 217, 224 (1996), the court held that the Warsaw Convention leaves it to domestic law to specify what harm is cognizable and by whom.   The Montreal Convention retained the applicability of local law on these issues. "Questions as to who are the persons who have the right to bring suit and what are their respective rights are left to the law of the forum, including conflicts of law."  S. Treaty Doc. No. 106-45, 1999 WL 33292734, Article 29, p. 31.

### C.     Choice of Law

"In diversity cases, the district court is to apply the choice of law rules of the state in which the court sits."  *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003). This Court has previously discussed Kentucky's choice of law rules and noted that Kentucky does not apply the most significant relationship test in tort cases.  *In re Air Crash in Lexington, Kentucky, August 27, 2006*, 2008 WL 6312238 at *2 (E.D. Ky. 2008).  Instead, Kentucky simply determines whether it "has enough contacts to justify applying Kentucky law."  *Id.* (quoting *Adam v. J. B. Hunt Transport, Inc.*, 130 F.3d 219, 230 (6th Cir. 1997)).  In *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972), the court said:

> When the court has jurisdiction of the parties, its primary responsibility is to follow its own substantive law.  The basic law is the law of the forum, which should not be displaced without valid reasons.

3

Plaintiff provides no authority to support his claim that Kentucky would apply "depecage," an issue specific approach involving balancing of interests, in its choice of law analysis. Such an approach seems compatible only with a "most significant relationship" rule, which Kentucky has specifically rejected in tort cases. "If there are significant contacts – not necessarily the most significant contacts – with Kentucky, the Kentucky law should be applied." *Id.*

As previously discussed with Plaintiffs Harris and Hunt, Kentucky's contacts include that it is the principal place of business for Comair, it is the place of the injury, and it is the location where the forum court sits. *Air Crash at Lexington, Kentucky*, 2008 WL 631238 at *7-*8 (E.D. Ky. 2008). These are sufficient contacts to apply Kentucky law. As the Sixth Circuit said in *Adam*, when the accident is in Kentucky and the forum court sits in Kentucky, it "'should' apply Kentucky law." *Adam*, 130 F.3d at 231. *See also Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968) ("if the accident occurs in Kentucky (as in the instant case), there is enough contact from that fact alone to justify applying Kentucky law"). Accordingly, Kentucky law, not the law of Canada, will be applied to Plaintiff Anderson's wrongful death claims.

### D.   The Wrongful Death Claims of the Decedent's Children and Siblings

Under Kentucky law, a wrongful death action may only be prosecuted by the "personal representative of the deceased." KRS §411.130(1); *Sparks v. Craft*, 75 F.3d 257, 262 (6th Cir. 1996) ("KRS §411.130(1) requires that the wrongful death case be prosecuted by the personal representative of the deceased, rather than by the ultimate beneficiaries"). Accordingly, the Decedent's children and siblings are not proper plaintiffs for wrongful death claims in their individual capacity.

Additionally, Kentucky's law of decent and distribution provides that if there is any recovery on behalf of a decedent with children but no spouse, the whole recovery goes to the children. KRS §411.130(2)(c). Only if the decedent is not survived by a spouse, children or parents, may any wrongful death recovery become part of the decedent's estate and pass to more remote relatives,

such as siblings.  KRS § 411.130(e).  *See also Shepherd v. Shelter Mut. Ins. Co.*, 2 S.W.3d 794, 796 (Ky. Ct. App. 1999) ("brothers and sisters of a deceased are entitled to a recovery only upon a showing that the deceased left no surviving spouse, child or parent").  Accordingly, Mr. Anderson's children, Alexander Anderson and Melanie Anderson, are the beneficiaries of any wrongful death recovery; his siblings are not.

**III.      CONCLUSION**

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that Comair's motion to dismiss the wrongful death claims asserted by Melanie Anderson, Delaney Fudge, Arvalla Groulx and Derek Reiners [DE 2013] is **GRANTED** and said claims are hereby **DISMISSED**.

This May 21, 2008.

Signed By:

*Karl S. Forester*   KSF

**United States Senior Judge**

5